IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KRISTINA BRADFORD,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CIGNA GROUP INSURANCE, et al.,<br><br>　　　　　Defendants. | Case No. 2:06 cv 0852 TS<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND**<br><br>Judge Ted Stewart<br><br>Magistrate Judge Brooke C. Wells |

Before the court is Plaintiff, Krinstina Bradford's, motion to amend/correct complaint.[1] Bradford's amended complaint seeks to correct her mistake of failing to request a jury on all issues triable by jury in the body of the original complaint. Defendants object arguing that Plaintiff has not made a proper jury demand within the time allowed by the rule. And, "'mistake, inadvertence or excusable neglect'"[2] as offered by Plaintiff, does not permit her to now request a jury. As noted by Defendants, however, "the Tenth Circuit has held that, 'absent strong and compelling reasons to the contrary, a district court should exercise its discretion . . . and grant a jury trial.'"[3] Based upon the facts of this case, and in choosing to exercise its discretion, the court GRANTS Plaintiff's motion to amend.

---

[1] Docket no. 18.
[2] Op. p. 5 (quoting Pla.'s mem. in supp.)
[3] *Id.* p. 4 (quoting *Nissan Motor Corp v. Burciaga*, 982 F.2d 409, 409 (10th Cir. 1992)).

The court agrees with Defendants that Rule 38 governs the manner in which a party must request a jury trial.  Rule 38 states:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).  Such demand may be indorsed upon a pleading of the party.[4]

Rule 5(d) provides that "All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service . . ."[5]

In the instant case, Plaintiff filed her original complaint on October 4, 2006 and at the time of doing so "on the civil cover sheet, Plaintiff requested a jury on all issues triable by jury."[6]  But, Bradford argues that through "mistake, inadvertence, or excusable neglect, Plaintiff failed to include said request in the body of the Complaint."[7]  The last pleadings directed toward the claims of this case were the Answers filed by Defendants on December 11, 2006.  Plaintiff seeks to make her jury demand via the motion for amended complaint that was filed on March 23, 2007.

---

[4] Fed. R. Civ. P. 38(b).
[5] Fed. R. Civ. P. 5(d).
[6] Mem. in supp. p. 1.
[7] *Id.*

Defendants argue that mistake, inadvertence, or excusable neglect, are simply not enough to justify allowing Plaintiff to amend her complaint and add a proper jury demand. Defendants cite to *Nissan Motor Corp. v. Burciaga*[8] in support of their arguments. In *Nissan*, the parties failed to request a jury at the outset of the case. Then, after more than two years had passed, one of the parties sought a jury demand via an amended complaint that allegedly raised new issues that were triable of right by a jury. The Tenth Circuit stated that generally, "absent strong and compelling reasons to the contrary, a district court should exercise its discretion . . . and grant a jury trial." But, in rejecting Defendants arguments, the court went on to hold that "it would not be an abuse of discretion to deny relief . . . when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party."[9]

Here, Plaintiff admits that she failed to make a timely jury demand because of mistake, inadvertence or excusable neglect. Therefore, according to the Tenth Circuit this court could deny her motion to amend. The court, however, decides to allow the amendment for the following reasons. First, Plaintiff indicated a request for a jury on the civil cover sheet when filing this action. Although this does not strictly comply with the explicit requirements of Rule 38, Defendants were still on notice that Plaintiff desired a jury. Second, despite being late, the jury demand is still made relatively early in this case. In *Nissan* the party did not request a jury

---

[8] 982 f.2d 408 (10th Cir. 1992).
[9] *Id.* at 409.

until more than two years had passed and in *Dill v. City of Edmond*[10] nearly a year and a half past before a jury demand was made.  Here, the time frame between the last day allowed under the rules to make a jury demand and the demand made by the instant motion is much shorter, approximately 3 months.  Therefore, Defendants are not prejudiced by allowing Plaintiff to amend.  And finally, this case involves an individual plaintiff versus sophisticated Defendants.  Thus, based on equitable principles and this court's discretion,[11] the court finds it appropriate to allow Plaintiff an opportunity to amend.

DATED this 18th day of April, 2006.

_____
Brooke C. Wells
United States Magistrate Judge

---

[10] 155 F.3d 1193, 1208 (10th Cir. 1998) (denying motion for jury demand where the jury demand was made a year and a half after the original complaint and nothing but inadvertence or oversight justified the delay).

[11] *See Nissan*, 982 F.2d at 409; *see also* Fed. R. Civ. P. 39(b) ("notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court *in its discretion* upon motion *may order a trial by a jury* of any or all issues") (emphasis added).